COPE, Judge
(concurring in part and dissenting in part).
I agree that section 328.05(3)(c), Florida Statutes (1987), does not require a showing of a collateral crime as a prerequisite to forfeiture, and also agree that an owner is allowed to demonstrate the existence of an innocent mistake as a defense to a forfeiture action. While I agree that the Department is entitled to a reversal in this case, I would remand to the trial court for an evidentiary hearing. The owner’s defenses essentially are: that the corporation, although dissolved, was accurately reflected in the Secretary of State’s records and has since been reinstated; that it is quite common for a small corporation to continue to do business after being dissolved for failure to pay fees, and then to be reinstated to active status after the fees are paid; that the boat was purchased as a used vessel with existing numerals the owner did not realize were incorrect; and that the idea to use the address of the tag agency on the registration was that of a tag agency clerk, agreed to by the owner’s agent in the owner’s absence. The trial court adjudicated the matter on the basis of proffers, so that there has been no assessment of credibility. The trial court apparently assigned great weight to the fact that the tag agency address was used at the suggestion of the tag agency clerk. Because the sanction of forfeiture is a severe one, I would remand for an evidentiary hearing. A determination whether there was an innocent mistake depends, in my view, on a more fully developed evidentiary record, and an assessment of the owner’s credibility. In effect the trial court entered a summary judgment for the owner which we have reversed. On this record, however, there are disputed issues of material fact which also preclude entering what is in effect a summary judgment in favor of the Department.
I join in the reversal but dissent from the instruction to direct entry of forfeiture in favor of the Department of Natural Resources.